UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RONDA MORRIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PARAMOUNT RECOVERY SYSTEMS, L.P.<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:21-cv-01146<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, RONDA MORRIS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of PARAMOUNT RECOVERY SYSTEMS, L.P. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Western District of Texas.

## PARTIES

4. Plaintiff is a disabled individual over 18-years-of-age, and a "consumer," as defined by 15 U.S.C. §1692a(3) of the FDCPA.

5. Defendant is a third-party debt collector located at 7524 Bosque Boulevard, Suite L, Waco, Texas 76712. Defendant's registered agent is located at 111 East Center Street, Lorena, Texas 76655. Defendant regularly collects upon consumers across the country.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. During the summer of 2021, Plaintiff was looking to improve her credit, so she obtained a copy of her Experian credit report and discovered an entry bearing Defendant's name, reporting in an active collection status a purported delinquent debt ("subject debt"), as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| PARAMOUNT RECOVERY SYSTM | | $1,021 as of 06/17/2021 | 03/2021 | Collection account. $1,021 past due as of Jun 2021. |
| PO BOX 23369 WACO, TX 76702 866 250 7007 | Type Collection | Credit limit or original amount $1,021 | Date of status 03/2021 | |
| Address identification number 0294592487 | Terms 1 Months | High balance $0 | First reported 05/2021 | |
| Original creditor S E EMERGENCY PHYSICIANS MEMPH | On record until Sep 2024 | Monthly payment $0 Recent payment amount $0 | Responsibility Individual | |

*See* attached Exhibit A for relevant page(s) from Plaintiff's Experian credit report.

8. Defendant indicated that the original creditor with whom the debt was incurred was *S E Emergency Physicians Memph* ("SE Emergency").

9. Plaintiff was taken aback by this information, as not only was she confused as to the identity of the owner of the subject debt, but any medical bills that she may have incurred were to be covered by her health insurance provider.

10. Accordingly, Plaintiff visited Defendant's website[1] to ascertain additional information regarding the subject debt.

11. Upon inputting her personal information, Plaintiff was directed to the following screen:



12. Defendant's online portal only exacerbated Plaintiff's confusion, as Defendant was now indicating that the original creditor was actually *Pallino Asset Management LLC THFF* ("Pallino").

13. Plaintiff has never incurred a debt with Pallino, nor is she aware of any such entity, so based on Defendant's false statements, Plaintiff chose to forego making a payment toward the subject debt.

14. By listing two different entities as the "original creditor" with regard to the same subject debt, Defendant misinformed Plaintiff as to the underlying original creditor and/or the creditor to whom the debt is owed.

---

[1] https://www.paramountrecovery.com/PMT/PMT.asp

3

15. Defendant's conflicting communications, in addition to confusing and misleading Plaintiff, similarly leaves the least-sophisticated consumer in doubt as to whom an alleged debt is owed and whether Defendant's collection efforts are legitimate.

16. Because of Defendant's deceptive conduct, Plaintiff did not make a payment on the subject debt which resulted in an appreciable risk of harm to Plaintiff, as her decision not to pay, which was driven by Defendant's contradictory information, raised the risk of continued adverse credit reporting of the disputed subject debt by the owner of the subject debt.

17. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as it deprived Plaintiff of being able to determine the nature of the subject debt, as well as the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

18. Confused and concerned about Defendant's collection activity surrounding the subject debt, Plaintiff consulted her attorneys for clarification regarding her rights.

19. Plaintiff has suffered additional concrete harm as a result of Defendant's conduct, including but not limited to: making incorrect decisions regarding the subject debt, the exacerbation of her physical and medical ailments, loss of sleep, invasion of privacy, a decreased credit score, expending time addressing and dealing with Defendant's confusing and misleading conduct, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt." Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2001.[2]

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the nature of the subject debt to Plaintiff via its credit reporting through Experian, as well as through its online portal. While Plaintiff's credit report indicated that the subject debt stemmed from an account originally incurred with SE Emergency, Defendant's

---

[2] http://www.acainternational.org/search#memberdirectory

online portal, in contradictory fashion, falsely informed Plaintiff that the original creditor was actually Pallino.  Plaintiff never incurred a debt with Pallino, but yet, Defendant erroneously informed Plaintiff that Pallino was the originator of the consumer debt.  Consequently, Plaintiff was left in doubt as to whom the subject debt was actually owed and whether Defendant's collection efforts were legitimate.  As a result of Defendant's false information, Plaintiff made incorrect decisions regarding her finances, as she questioned the legitimacy of Defendant's efforts and chose to forego making a payment toward the subject debt.

27. Defendant further violated 15 U.S.C. §§ 1692e(8) through its reporting of the subject debt.  Despite the fact that Plaintiff did not owe the subject debt, Defendant still continued to report the subject debt to Experian as a past due account.

### b.  Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f by unfairly misinforming Plaintiff as to a material fact regarding the subject debt.  Plaintiff was already confused by Defendant's reporting of the subject to Experian, as she did not recall incurring a debt with SE Emergency, but upon logging on to Defendant's website, Plaintiff became even more confused as Defendant informed her that the debt was not incurred with SE Emergency, but instead, with Pallino.  It is unfair for a debt collector to blatantly set forth false information regarding the subject debt, especially when it deals with the nature and identity of the underlying creditor.

30. As set forth in paragraphs 14 through 19, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, RONDA MORRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 8th day of November, 2021.           Respectfully Submitted,

                                               */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Ronda Morris*